

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2002

# Griffin Ind Inc v. Slammin Canz Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Griffin Ind Inc v. Slammin Canz Inc" (2002). *2002 Decisions.* Paper 304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3861


GRIFFIN INDUSTRIES, INC.,
d/b/a BAKERY FEEDS,

Appellant

v.

SLAMMIN' CANZ, INC.



On Appeal from the Untied States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 00-cv-03690)
District Judge: Hon. John P. Fullam



Submitted Under Third Circuit LAR 34.1(a)
May 10, 2002

Before: ALITO, COWEN and LOURIE*, Circuit Judges

(Filed:  May 21, 2002)


OPINION



*Honorable Alan D. Lourie, U.S. Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation. COWEN, Circuit Judge

Presented for our review is a commercial breach of contract case.  Plaintiff Griffin Industries ("Griffin") appeals from two District Court orders granting judgment in favor of Defendant Slammin' Canz Incorporated ("Slammin' Canz") following a jury trial. Because we conclude that the District Court erred in its charge to the jury and in alternatively entering judgment in favor of Slammin' Canz as a matter of law, we will vacate both orders and remand for a new trial.

I.

Griffin is an established business that recycles "bakery waste" into animal feed "cookie meal" and sells this feed to others for a profit.  The cookie meal is used to feed cattle and chicken as a substitute for corn.  Slammin' Canz is in the business of hauling bakery waste.  It generally collects the waste left over from "small mom and pop" bakeries.  See App. at 201.

Slammin' Canz contacted Griffin because it needed another outlet for the bakery waste it had at its disposal.  Representatives of the two entities met to discuss an agreement whereby Slammin' Canz would deliver bakery waste to Griffin.  As a result of this meeting, the parties entered into and signed a written "SERVICE AGREEMENT" dated March 31, 2000.  The Agreement stated that it was for six years and employed the following language on the quantity of bakery waste to be delivered:

Broker [Slammin' Canz] agrees to supply to Recycler [Griffin Industries]
and Recycler agrees to accept a minimum quantity of surplus food by-

products (hereinafter called "By-Products") minimum quantity to be negotiated on an as needed bases [sic].

App. at 37. The Agreement had an integration clause and specifically stated that it would be "governed by the Commonwealth of Kentucky." App. at 38.

The parties began performing under the Agreement on or about April 1, 2000. Slammin' Canz delivered an average of 150 to 170 tons of bakery waste per week to Griffin for a period of about seven weeks. At that point, Slammin' Canz completely stopped delivering bakery waste to Griffin. Griffin then filed the instant suit against Slammin' Canz in the United States District Court for the Eastern District of Pennsylvania alleging breach of contract and seeking approximately two million dollars in consequential damages for lost profits.

At the close of testimony, Slammin' Canz moved for judgment as a matter of law. The District Court decided that it would reserve on the Motion in favor of submitting two specific interrogatories to the jury. The District Court apparently felt that the answers to these interrogatories might be dispositive and thus obviate the need to rule on the Motion. The first interrogatory asked whether Slammin' Canz was "justified in terminating the contract." App. at 192. The second interrogatory asked whether there was an agreement between the parties "as to the minimum quantity [of bakery waste] that [Slammin' Canz] was required to supply." Id. After the jury received these two interrogatories, the District Court permitted both parties to conduct closing arguments specifically addressing the two questions presented.

The jury returned an answer of "no" to both questions. The District Court then proceeded to make an oral "alternative ruling" in favor of Slammin' Canz on the Motion for Judgment as a Matter of Law. App. at 216. The District Court explained that: (1) the written Agreement was "illusory;" (2) there was no clear agreement on a minimum quantity term; (3) there was no evidence of recoverable damages; and (4) any evidence of "oral agreements or understanding" outside the written terms of the Agreement should not have been allowed into evidence because they were barred by the integration clause. App. at 217-18. The Court concluded that "apart from the jury's verdict," judgment as a matter of law should be granted to Slammin' Canz. App. at 218.

On September 18, 2001, the District Court entered an order "in accordance with the jury verdict" granting judgment in favor of Slammin' Canz. App. at 5. Counsel for Griffin then requested that the docket be changed to reflect that judgment in favor of Slammin' Canz was not based on the jury verdict, but rather on the District Court's decision regarding Slammin Canz' Motion for Judgment as a Matter of Law. Id. The District Court responded by entering a second order on September 27, 2001. The Memorandum accompanying that order stated that judgment in favor of Slammin' Canz was entered based on the jury's verdict, but that, "as to any liability issues not fully resolved by the jury's answers, [the judgment is] also a result of my grant of defendant's motion for judgment [as a matter of law.]" App. at 6. The District Court reiterated the reasons for granting judgment as a matter of law that were placed orally on the record after the jury returned its answers to the interrogatories. Griffin appeals both orders.

II.

The District Court had jurisdiction over this matter based on 28 U.S.C. 1332. We have jurisdiction pursuant to 28 U.S.C. 1291. Griffin argues that the District Court erred by: (1) not holding a charge conference where the Court would have been informed that the commercial law of Kentucky controls the Agreement; (2) not charging the jury on Kentucky commercial law; (3) not submitting the "entire case" to the jury (as opposed to using two limited interrogatories); and (4) alternatively granting judgment as a matter of law. On this last point, Griffin argues that there was sufficient proof of recoverable consequential damages in the form of lost profits. Additionally, Griffin contends that the Agreement's integration clause, under Kentucky law, did not bar the evidentiary presentation of alleged oral understandings or of "course of performance" to establish a contractual quantity term.

We review an assertion of improper jury instructions for abuse of discretion. See Tormenia v. First Investors Realty Co., Inc., 251 F.3d 128, 136 (3d Cir. 2000). Our review of a grant of judgment as a matter of law is plenary. Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 88 (3d Cir. 2000). We conclude that the jury received an inadequate charge. Pursuant to the written Agreement, the law of Kentucky

(as embodied in its commercial code) controls this case.  Had the jury been fully instructed on Kentucky commercial law, it would not have rendered an inconsistent verdict as it did in this matter.  The jury found that the parties had not reached an agreement on minimum quantity, a finding that implies that there was no enforceable contract, yet the jury also found that Slammin Canz' was not justified in halting performance.  The answers to the two interrogatories simply cannot be reconciled with fundamental principles of Contract law.

In addition, we agree with Griffin's assertion that judgment as a matter of law was improperly granted in favor of Slammin' Canz.  Griffin adduced sufficient evidence under the Uniform Commercial Code as applied in Kentucky to submit the damages question to the jury for consideration.  Accordingly, the District Court erred in holding that Griffin's alleged lost profits were not recoverable as a matter of law.

### III.

For the foregoing reasons, we will vacate the two orders appealed from and remand the matter to the District Court for a new trial on both liability and damages.  On remand the District Court should charge the jury pursuant to the Uniform Commercial Code in force in Kentucky, after first conducting an appropriate charge conference pursuant to Federal Rule of Civil Procedure 51.

TO THE CLERK:

Please file the foregoing opinion.

/s/   Robert E. Cowen
United States Circuit Judge